## DALES ET AL. *v.* ALBRECHT.

*Deeds — Restrictive covenants — Injunction against subsequent grantees lies, when — Erecting building back from front lot line — Enclosing open porch violates covenant, when — No waiver or abandonment, when — Porch awnings and lattice-work.*

1. Where a building restriction is inserted in all deeds by a common grantor to original grantees, the fact that such restriction is not incorporated in a deed of a subsequent grantee is immaterial in a proceeding in injunction to enforce such restriction as against such subsequent grantee.
2. Absence of proof of actual damage resulting from the violation of a restrictive covenant in a deed does not defeat the right to equitable relief by injunction.
3. An owner who encloses his front porch with glass casement windows, hangs doors similar to his other outside doors, installs a hot water heater, and lays hardwood floors thereon, violates a covenant restricting the erection of a "building, exclusive of *open porches* * * * nearer than thirty (30) feet" from a front lot line.
4. The fact that plaintiffs and other lot owners have hung awnings or permitted vines to grow upon lattice-work surrounding their porches does not constitute a waiver or abandonment of a restrictive covenant against "open porches."

(Decided September 28, 1917.)

APPEAL: Court of Appeals for Summit county.

*Messrs. Stuart & Stuart* and *Mr. Charles E. Smoyer,* for plaintiffs.
*Mr. G. M. Anderson,* for defendant.

LIEGHLEY, J.   Briefly, the plaintiffs filed their petition in the court of common pleas to restrain the defendant from violating a restrictive covenant, common to each and every lot, as claimed, in the Portage Park Land Company allotment.   Said restrictive covenant reads:

"Third:   That no building, exclusive of open porches shall be erected nearer than thirty (30) feet from the north or south lines of Rose avenue."

It is claimed by the plaintiffs, and the proof tends to show, that the defendant erected his structure nearer than thirty (30) feet from the south line of Rose avenue.   It is claimed by the plaintiffs that the portion of the building denominated by defendant as a "porch" is a substantial structure and is not a porch within the meaning of that term.   The defendant answers, denying that the plaintiffs have complied with the said restriction, asserting that his property is so located that said structure can not in any manner be a damage to any of the plaintiffs or any other owner of a lot in said allotment; that the plaintiffs and other owners of lots in said allotment have violated said covenant and did so long before the construction of defendant's dwelling; that the owners and residents on Rose avenue have themselves abandoned this restriction and have violated the restriction by enclosing their porches with awnings, vines, lattice-work, screens and obstructions of various kinds, thereby interfering with the easements of light and air, to such an extent that they are estopped to maintain this action.

Where uniform restrictions are imposed, according to a general plan of allotment and scheme of

improvement, upon all the lots in an allotment the owner of any lot may maintain an action to enjoin the owner of any other lot from a violation thereof. *Wallace et al.* v. *Clifton Land Company,* 92 Ohio St., 349.

No question is made in this case that the common grantor did not uniformly insert in all deeds to original grantees the restriction involved herein. Although defendant admits in his answer that his deed contains said restriction, it was asserted at the hearing that it did not. We conclude from the proof before us that the deed of defendant's predecessor in title contains said restriction; and, in that event, it is immaterial whether or not the deed of defendant contained it. 2 High on Injunctions (4 ed.), Section 1157.

The first question presented to us is whether or not the portion of defendant's residence within the thirty (30) foot restriction is a *porch.* Two members of this court viewed the premises in question, as well as the residences neighboring thereto. We found from the view, and from the proof, that this porch is substantially constructed; that in manner, method and solidarity of construction it corresponds to the remainder of the building. The entranceway is enclosed with a door similar to those hanging in other doorways of the building. The floor is covered with hardwood, and there is installed therein a hot water heater. The openness of this portion is enclosed with rather small glass-enclosed casement windows.

The restriction reads "open porches." The definitions of a porch given us by Webster's dictionary, the Century dictionary and the International dic-

tionary convey the idea of an open passageway or entranceway covered with a roof. These definitions forcibly exclude a structure of massive masonry, with an entranceway, obstructed by a substantial door, and its only openness enclosed with glass windows. This structure offends against the common understanding of what a porch is, as well as all expert definitions thereof that we have examined. We conclude this is not a porch within the meaning of the words "open porches" contained in the language of the restriction.

We are not called upon to say what it is; for, from the proof, we are not advised to what use it has been put. For convenience we might adopt the appellation therefor chosen by the architect, a "solarium," but the naming of it is immaterial in this case.

A portion of the answer is directed to the claim that the building is so located that no one is damaged by reason of its manner of construction or architectural design. It was claimed in the argument that in the absence of proof of actual damage flowing from the maintenance of this structure, the plaintiffs were entitled to no relief. We do not understand this to be the law in a case of the violation of a restrictive covenant in a deed. The covenantee is entitled to the benefit of his covenant. 2 High on Injunctions (4 ed.), Section 1158.

The defense of laches is not made in the pleadings nor in the briefs. At the hearing any claim therefor was expressly waived.

But the defendant further claims that by reason of the fact that plaintiffs and others have placed awnings on their porches, have permitted decora-

tive vines to grow and erected lattice-work for same, and that they have enclosed porches with screens, they have waived and abandoned this restriction and are now estopped to maintain this action.

So far as this record discloses, all others on Rose avenue constructed their buildings in compliance with this restriction. The substantial portion of each building was thirty (30) feet and more removed from the designated lines. Porches concededly open were erected nearer than thirty (30) feet, as permitted by the restriction. The defendant openly and avowedly erected a structure in violation thereof, which offends against the common understanding, as well as the expert definitions of an open porch. He now seeks to condone this violation by the claim that others grow vines and erect screens upon porches constructed admittedly in conformity with the restriction. Only one or two have screen-enclosed porches. Some have vines growing upon lattice-work, at one end or the other of an open porch. A few have awnings. We do not feel called upon to determine which of these, if any, are substantial violations of this restriction in the determination of this lawsuit. We are prepared to say, however, that the situation and circumstances fall far short of such a substantial, general violation as amounts to a waiver or abandonment of this restriction; nor do the same estop these plaintiffs from seeking the relief prayed for in this action. *McGuire* v. *Caskey,* 62 Ohio St., 419; *O'Gallagher* v. *Lockhart,* 52 L. R. A., N. S., 1044; *Brown* v. *Huber et al.,* 80 Ohio St., 183.

App ]       Dales et al. *v.* Albrecht.

While the prayer of the petition seeks a removal of so much of said structure as stands within the thirty (30) foot limitation, in argument the aim of plaintiffs seems to be only the removal of the glass windows and the door to the entrance way to said structure. At all events, we do not feel that the circumstances are such that an order to remove said structure would be equitable. But we do feel that the circumstances warrant and justice requires that a decree be drawn mandatorily requiring the defendant to remove the door of the entrance to that room which partly stands within the thirty (30) foot limitation, and also all glass from the windows thereof, so that the same may more nearly approach what we understand to be an "open porch."

It is in the interest of all lot owners and purchasers of restricted parcels of land that these restrictive covenants be enforced, where equity and justice require it, and not openly and avowedly violated with impunity.

A decree may be drawn in conformity with this decision in favor of plaintiffs.

*Judgment for plaintiffs.*

GRANT and CARPENTER, JJ., concur.