CITY OF MAYFIELD HEIGHTS, Appellee,

v.

CARDARELLI, d.b.a. Cardarelli Landscaping, et al., Appellants.

[Cite as *Mayfield Hts. v. Cardarelli* (1989), 63 Ohio App.3d 812.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 55771, 55884.

Decided Aug. 21, 1989.

*Vincent A. Feudo,* for appellee.

*Phillip A. Lawrence,* for appellant Howard Sonenstein.

*Rini & Cosiano* and *Ralph V. Cosiano,* for appellant Augustine Cardarelli.

ROLAND W. RIGGS, Judge.

Plaintiff-appellee, city of Mayfield Heights (the "city") filed a complaint for injunctive relief against defendant-appellant Augustine Cardarelli, d.b.a. Cardarelli Landscaping ("Cardarelli") and defendant-appellant Howard Sonenstein, d.b.a. B & B Landscaping. The city alleged that appellants were in violation of Section 1189.13 of the zoning code, which prohibits the storing of commercial vehicles on residential premises within the city.

The matter was submitted to the trial court on stipulations and briefs. Upon review the trial court held that appellants were in violation of Section 1189.13 of the planning and zoning code of the city. Appellants were ordered to remove all commercial vehicles stored on their property and further appellants were permanently enjoined from parking or storing such vehicles on their property.

The appellants appealed the trial court's judgment and between them assign three errors for review.

## I

"The judgment of the trial court is against the manifest weight of the evidence and is contrary to law."

Appellant Cardarelli argues that the trial court in effect ignored all of his stipulations and exhibits. Cardarelli claims that his evidence established that the layout of his premises is such that his vehicles are parked behind his garage to the rear of his premises and are "out of view" from the road and from adjoining parcels. Cardarelli complains that the trial court made no mention in its findings of fact that his vehicles were out of view.

Section 1189.13 of the Codified Ordinances of Mayfield Heights states:

"(b) An occupier or resident of a residential district who uses a commercial vehicle in his or her occupation *is permitted to store such commercial vehicle out of view, in a garage,* which is an accessory use permitted under this Zoning Code, overnight only.

"(c) In a nonresidential district, except as provided in subsections (d) and (e) hereof, the parking of a commercial vehicle or commercial tractor or semitrailer is prohibited during the hours when the business in question is not open to the public, except for service to such premises. This limitation does not apply to automobile repair facilities or similar facilities when determined to be such by the Board of Zoning Appeals and Council." (Emphasis added.)

Cardarelli contends that his evidence established that the vehicles being parked on his premises were out of view and as such there was no violation of

the applicable ordinance. Cardarelli argues that if it is permissible to park vehicles "out of view, in a garage" it ought to be permissible to park the vehicles in some other manner so long as they are out of view. Cardarelli concludes that because he demonstrated that his vehicles were "out of view" the trial court's conclusion that he was in violation of the ordinance is against the manifest weight of the evidence.

The city's ordinance at issue provides that commercial vehicles may be stored on residential property if they are "out of view, in a garage." There is no dispute that the vehicles in question were not in a garage. Rather, the issue that has emerged is whether the application of the ordinance in this instance was unreasonable, arbitrary or capricious. Appellant's argument seems to be that the city's interpretation of the ordinance makes the ordinance redundant and its application unreasonable.

Properly enacted zoning ordinances are presumed to be valid. *Brown v. Cleveland* (1981), 66 Ohio St.2d 93, 95, 20 O.O.3d 88, 89, 420 N.E.2d 103, 105.

When challenging the validity of an ordinance and its application, the appellants have the burden of demonstrating that the city's application of the challenged ordinance to their property was unconstitutional. *Id.; Leslie v. Toledo* (1981), 66 Ohio St.2d 488, 489, 20 O.O.3d 406, 407, 423 N.E.2d 123, 124. In *Clark v. Woodmere* (1985), 28 Ohio App.3d 66, 67, 28 OBR 107, 108, 502 N.E.2d 222, 225, the court addressed this issue as follows:

" '*A person wishing to attack an ordinance as unconstitutional has the burden of proof and may not rely on mere allegations or conclusions of law* that the ordinance is not based on health, safety, morals or general welfare, but must introduce competent and relevant evidence to support his position. * * * ' " (Emphasis added; quoting *Pepper Pike v. Landskroner* [1977], 53 Ohio App.2d 63, 70, 7 O.O.3d 44, 48, 371 N.E.2d 579, 583.)

A zoning ordinance will be held unconstitutional on its face or as applied if its provisions are clearly arbitrary and unreasonable, and have no substantial relation to the public health, safety, or general welfare. *Euclid v. Amber Realty Co.* (1926), 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303; *Consolidated Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 242, 6 OBR 307, 310, 452 N.E.2d 1287, 1290. If the validity of the legislative zoning classification is fairly debatable, a court will not substitute its judgment for the legislative judgment. *Euclid v. Amber Realty Co., supra,* at 388, 47 S.Ct. at 118, 71 L.Ed. at 311; *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 71, 9 OBR 273, 274, 458 N.E.2d 852, 854; *Willott v. Beachwood* (1964), 175 Ohio St. 557, 560, 26 O.O.2d 249, 251, 197 N.E.2d 201, 203. The question therefore presented is whether appellant established beyond fair debate that the zoning ordinance on its face or as applied was clearly arbitrary and unreasonable and had no substantial relation to the public health, safety or general welfare.

Before this court can declare the ordinance unconstitutional, the invalidity of the legislation must be plain and apparent.

In *Pepper Pike v. Landskroner* (1977), 53 Ohio App.2d 63, 7 O.O.3d 44, 371 N.E.2d 579, paragraph two of the syllabus states:

" * * * A municipality may enact an ordinance prohibiting the outside storage of trailers and house trailers in single-family neighborhoods under its police power for the general welfare of the community where such outside storage could become a nuisance or interfere with the character and integrity of the single-family residential neighborhood * * *."

■ After a review of the briefs, stipulations and exhibits we find that the validity of the legislative classification is fairly debatable and thus the city's legislative judgment must be allowed to control.

It is obvious that the Mayfield Heights City Council intended the commercial vehicles be kept in a garage while stored on residential property. It is debatable whether the city adopted this specific requirement that commercial vehicles be out of view in a garage in order to set forth an objective standard which would make the storage of such vehicles uniform. To simply require vehicles to be out of view would allow different home owners to decide for themselves what "out of view" means. One vehicle owner's interpretation might be quite different from his neighbor's interpretation.

■ The stipulations submitted to the trial court indicate[1] that the city received complaints from neighbors about the vehicles' being stored on both appellants' properties. The government has a legitimate interest in maintaining the aesthetics of a community and in protecting real estate from impairment of value. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 9 OBR 273, 458 N.E.2d 852. Further, the evidence does not indicate that appellants have no viable options or that enforcement of the ordinance would result in a severe economic loss. Appellant's argument, even in light of neighbor's complaints, seems to be that they, in their opinion, have complied with what should be expected. Although in the exhibits submitted by appellants we cannot see the commercial vehicles, there is no evidence in the record that these vehicles were in fact being stored on the premises at the time the photographs were taken.

---

1. The agreed stipulations by the parties were filed February 26, 1988.

The legislation is clearly intended to create uniform storage of unsightly commercial vehicles in a residentially zoned area. This is a legitimate function and concern. *Hudson v. Albrecht, Inc., supra.* From the evidence submitted the validity of the classification is still "fairly debatable." Appellant has not met his burden by establishing beyond fair debate that the general welfare is not served by the ordinance at issue and further that its application to him, in light of complaints, is unreasonable.

The first assignment of error is overruled.

## II

"The court committed error in interpreting the ordinance to require a vehicle to be parked both out of view and in a garage."

Appellant Sonenstein essentially argues the assignment we have previously addressed. He contends that the ordinance, as interpreted, creates a redundancy and is, therefore, unacceptably vague.

We overrule appellant's assignment of error as our previous discussion has addressed this argument. Appellant failed to establish that the zoning ordinance is invalid beyond fair debate.

## III

"The court committed error because it failed to liberally construe the language of the ordinance in favor of the free use of property."

Appellant Sonenstein states again that his commercial vehicles are out of view and thus the city's interpretation of the ordinance that they be both "out of view" and "in a garage" creates an ambiguity which, therefore, must be resolved in favor of the free use of property.

As we have previously discussed, the language of ordinance 1189.13 is plain and direct and valid in its constitution. It is clear that the commercial vehicles are to be in a garage out of sight.

■ Courts are reluctant to interfere with the interpretations of a local ordinance and are inclined to defer to the judgment of the municipal body so long as the ordinance bears a substantial relation to public health, morals, safety or welfare and is not unreasonable or arbitrary. The Mayfield Heights ordinance seeks to preserve the residential character of the neighborhoods involved by providing that commercial vehicles be uniformly "out of view, in a garage." We fail to see the supposed redundancy created by this language.

It is clear that the vehicles are to be kept in a garage because the ordinance specifically requires such storage. "Out of view," under a plain reading, does not create an alternative to storage but instead requires that the vehicles in the garage must be out of view, *i.e.*, the garage doors should be closed when the vehicles are in storage.

The trial court acted properly in deferring to the city council's familiarity with the community and its needs.

In *Benjamin v. Columbus* (1957), 104 Ohio App. 293, 4 O.O.2d 439, 78 Ohio Law Abs. 600, 148 N.E.2d 695, an action for injunctive relief brought by the city, paragraphs three and five of the syllabus state as follows:

"In determining the constitutional validity of an ordinance, a court may not substitute its judgment for that of the municipal council as to the expediency, necessity for, or wisdom of the legislation."

"The cardinal rule in the interpretation of ordinances is to ascertain, declare and give effect to the legislative intent to be gathered from the provisions of the enactment and its apparent purpose, as applied to the evil at which it is aimed."

The final assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN, P.J., and STILLMAN, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

ROLAND W. RIGGS, J., retired, of the Washington County Court of Common Pleas, sitting by assignment.