DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that affirmed the City of Circleville Planning Appeals Board's (Board) decision to deny a variance filed by plaintiff below and appellant herein, Kenneth Taylor.
 {¶ 2} Appellant raises the following assignments of error:
First Assignment of Error:
"The Trial Court erred in failing to find the Administrative order, denying the variance, to be Arbitrary, Capricious, and Unreasonable."
Second Assignment of Error:
"The Trial Court Erred in failing to find the Administrative order, denying the variance, to be unsupported by the Preponderance of Substantial, Reliable, and Probative Evidence."
Third Assignment of Error:
"The Trial Court Erred in Failing to find the Circleville Zoning code, as Written, and the Administrative Order, Denying the Variance, to be Unconstitutional in that they violated the due process and equal protection clauses of the Ohio and Federal Constitutions."
Fourth Assignment of Error:
"The Trial Court Erred in failing to consider the Equities Favoring a Granting of the Variance."
Fifth Assignment of Error:
"The Trial Court Erred in adopting the proposed findings of Fact and Conclusions of Law of Appellee, in their Entirety, and in Refusing to adopt a Single Proposal as filed by Appellant."
Sixth Assignment of Error:
"The Trial Court Erred in Denying Appellant the Right to an Oral Hearing."
Seventh Assignment of Error:
"The Trial Court Erred in holding the Appellant to a Burden of proving his appeal by clear and convincing evidence."
 {¶ 3} Appellant owns property located in an area zoned R-4 Historic Neighborhood Single Family Residential District. His lot size is 46 feet by 150 feet for a total of 6,900 square feet. The size of the house is 1,438 square feet.
 {¶ 4} Section 28.05, section C, of the Circleville Zoning Code provides that total lot coverage shall not exceed thirty-five percent. The zoning code states that in calculating lot coverage, "principal and accessory structures" shall be included but "open decks, porches or steps" shall not be included. Additionally, Section 29.01, section D, prohibits the "total area of all accessory uses or structures" from exceeding 720 square feet.
 {¶ 5} Appellant filed an application to vary certain zoning restrictions so that he could erect a pole barn with a covered porch. The square footage of the pole barn excluding the porch area would be 1,020 square feet. The square footage of the pole barn including the porch area would be 1,360 square feet.
 {¶ 6} The Board denied appellant's application. The Board determined that the square footage of the pole barn with the covered porch, 1,360 square feet, varied too substantially from the zoning regulations. The Board indicated that if appellant agreed to not construct the porch, it would grant the application. Appellant objected to the Board's decision, arguing that under the zoning code, the porch area should not be included when determining square footage.
 {¶ 7} Appellant appealed the Board's decision to the Pickaway County Common Pleas Court. Appellant argued, in essence, that the Board erroneously included the square footage of the covered porch when it calculated the total lot coverage. Thus, appellant contended that the Board's decision was unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence. The trial court rejected appellant's arguments and affirmed the Board's decision. Appellant filed a timely notice of appeal.
 {¶ 8} In his first assignment of error, appellant argues that the Board's decision was arbitrary, capricious, and unreasonable. He asserts that the Board improperly interpreted the meaning of "porch" and thus, incorrectly used the square footage of his proposed porch when calculating lot coverage.
 {¶ 9} R.C. 2506.04 sets forth that on review of an administrative order, a trial court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Henley v. Youngstown Bd. of ZoningAppeals (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433.
 {¶ 10} An appellate court's review in an R.C. 2506.04 appeal is limited. An appellate court may "review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" Id. (quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, fn. 4, 465 N.E.2d 848). Moreover, an appellate court may not substitute its judgment for that of the trial court or administrative agency. Id.; Rossford Exempted VillageSchool Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707, 590 N.E.2d 1240.
 {¶ 11} The interpretation of a zoning ordinance, however, presents a question of law that appellate courts review de novo. See Miamisburgv. Wood (2000), 137 Ohio App.3d 623, 625, 739 N.E.2d 410. When a statute or ordinance "conveys a meaning which is clear, unequivocal, and definite, at that point the interpretation effort is at an end, and the statute must be applied accordingly." Meeks v. Papadopulos (1980),62 Ohio St.2d 187, 190, 404 N.E.2d 159; Provident Bank v. Wood (1973),36 Ohio St.2d 101, 105-106, 304 N.E.2d 378. In such a case, there is no need to apply rules of construction. Cline v. Ohio Bur. of MotorVehicles (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77.
 {¶ 12} When the language of an ordinance is ambiguous, however, a court may resort to the rules of construction to resolve the ambiguity. Id. An ordinance is ambiguous when it is subject to various interpretations; that is, an ordinance is ambiguous if a reasonable person can find different meanings in the ordinance and if rational arguments can be made for either meaning. Id.; see, also, BP Oil Co. v.Dayton Bd. of Zoning Appeals (1996), 109 Ohio App.3d 423, 430,672 N.E.2d 256. When interpreting an ordinance, a court should give the words in a zoning ordinance the meaning commonly attributed to them unless a contrary intention appears in the regulation. See Akwen, Ltd.v. Ravenna Zoning Bd. of Appeals (Mar. 29, 2002), Portage App. No. 2001-P-0029.
 {¶ 13} Additionally, when interpreting a zoning ordinance, courts must strictly construe restrictions on the use of real property in favor of the property owner. See, e.g., Mishr v. Poland Bd. of Zoning Appeals
(1996), 76 Ohio St.3d 238, 241, 667 N.E.2d 365; Saunders v. Clark Cty.Zoning Dept. (1981), 66 Ohio St.2d 259, 261, 421 N.E.2d 152. As the court explained in Saunders:
"Zoning restrictions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by the ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed."
 {¶ 14} In the case at bar, the language at issue is the phrase "open decks, porches or steps." Appellant posits that "open" modifies only decks and not porches or steps. Appellee maintains that "open" modifies decks, porches, and steps.
 {¶ 15} Normally, modifying words or phrases "`only apply to the words or phrases immediately preceding or subsequent to the word, and will not modify the other words, phrases, or clauses more remote, unless the intent of the legislature [or administrative body] clearly require[s] such an extension.'" State v. Bowen (2000), 139 Ohio App.3d 41, 44,742 N.E.2d 1166 (quoting In re Shaffer (N.D.Ohio 1998), 228 B.R. 892,894). Employing this rule of construction, we agree with appellant that "open" modifies only decks, not porches or steps. Circleville's zoning ordinance does not clearly evidence an intent that "open" modifies decks, porches, and steps. Thus, we conclude that in calculating lot coverage, any porch (not just an "open" porch), as that term is commonly understood, should not be included. Moreover, to the extent that the ordinance is ambiguous as to whether "open" modifies decks, porches, and steps or whether the word modifies only decks, we must construe the ordinance in appellant's favor and thus conclude that the word "open" modifies only decks. Saunders, supra; Mishr, supra.
 {¶ 16} Next, we must determine whether the word "porch" as used in the zoning ordinance means a covered porch or an open porch. The common definition of a porch as stated in Webster's Dictionary (1989 Ed.) is as follows: "the covered entrance of a building jutting out from the main wall" or "an open, roofed gallery extending along a side of a house, used for sitting out on, or giving access to rooms." Id. at 781 (emphases added). Thus, the plain and ordinary meaning of the word implies a covered structure. Appellee's interpretation of the word "porch" as meaning a structure with an open roof is contrary to the plain and ordinary meaning. See, generally, Dales v. Albrecht (1917), 11 Ohio App. 368
("The definitions of a porch given us by Webster's dictionary, the Century dictionary and the International dictionary convey the idea of an open passageway or entranceway covered with a roof.").
 {¶ 17} We therefore agree with appellant that the Board incorrectly interpreted the zoning ordinance and thus, that the Board incorrectly included the porch area of appellant's proposed structure when calculating lot coverage. The zoning ordinance states that porches shall not be included when calculating lot coverage. The plain and ordinary meaning of "porch" implies a covered space. Therefore, we believe that the Board's decision to deny appellant's application was unreasonable.
 {¶ 18} Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error and reverse the trial court's judgment. Appellant's remaining assignments of error have been rendered moot and we need not address them. See App.R. 12(B)(1)(c).
Judgment Reversed.