DECISION AND JUDGMENT ENTRY
{¶ 1} Tom and Patricia O'Leary appeal their Toledo Municipal Court convictions of maintaining a nuisance in violation of Toledo Municipal Code ("TMC") § 1726.02. Because we find that the convictions were not supported by the sufficiency or manifest weight of the evidence, we reverse.
 {¶ 2} The O'Learys received a letter from the City of Toledo Department of Neighborhoods on April 30, 2002, informing them of a nuisance on their property at 4939 Larkhaven in Toledo, Ohio. The letter referred to TMC § 1726.01(a)(4), "nuisance conditions that exist at this property are an immediate threat to the health, safety or welfare of the public." The O'Learys were told to remove "all trailers, junk cars, tires, car parts, trucks, 
all racing items" from their property within 72 hours, or they would face criminal charges. Returning May 21, 2002, the inspector saw that the O'Learys' property was basically unchanged.
 {¶ 3} Charges were then filed on May 21, 2002 in the Toledo Municipal Court for maintaining a nuisance (TMC § 1726.02) and violating a zoning ordinance (TMC § 1117.01). The charges were based on the inspector's assertion that the vehicle on the O'Learys' property was a "commercial" vehicle, which violated the zoning ordinance, and that the trailer with the race car and tires on it was a nuisance. Because the vehicle was licensed by the Ohio Highway Department as a personal/non-commercial vehicle, a nolle prosequi was entered on the zoning violation; however, the O'Learys proceeded to a bench trial on the nuisance charge, were convicted of maintaining a nuisance, and fined $250 plus costs. They now appeal their conviction.
 The O'Learys' Assignments of Error {¶ 4} I. "The evidence was insufficient to support the convictions for maintaining a nuisance."
 {¶ 5} II. "The convictions were against the manifest weight of the evidence."
 {¶ 6} The assignments of error are related and will be addressed together.
 {¶ 7} Sufficiency of the evidence asks whether the evidence is legally adequate to support a verdict on all elements of an offense. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The reviewing court is to examine the trial evidence to determine whether, if believed, it would convince the average mind of the defendant's guilt beyond a reasonable doubt. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Weight of the evidence means a greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6th Ed. 1990) 1594. The Ohio Supreme Court has noted: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v.Florida (1982), 457 U.S. 31, 42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Due deference is to be accorded to the credibility determinations made by the factfinder. SeeState v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 9} Section 1726.01 of the TMC includes within the meaning of "public nuisance," "* * * any lot, land, yard, premises or location which in its entirety, or in any part thereof, by reason of the condition in which the same is found or permitted to be or remain, shall * * * cause any hurt, harm, inconvenience, discomfort, damage or injury to any one or more individuals in the City, in any one or more of the following particulars: * * * (4) By reason of lack of sufficient or adequate maintenance of the * * * location and/or premises * * * which depreciates the enjoyment and use of property in the immediate vicinity to such an extent that it is harmful to the community in which such * * * location or premises is situated or such condition exists."
 {¶ 10} The government has a legitimate interest in maintaining the aesthetics of a community and in protecting the value of real estate. Mayfield Hts. v. Cardarelli (1989),63 Ohio App.3d 812, 817. As we have stated before, what constitutes a nuisance depends on the unique facts of each case. No definite rule can apply to every given case, as each necessarily stands by itself. Toledo v. Gorney (Dec. 2, 1988), Lucas App. No. L-87-408.
 {¶ 11} With respect to the O'Learys' property, there is insufficient evidence of nuisance. No one testified how a parked vehicle and trailer with a race car and tires on it caused "any hurt, harm, inconvenience, discomfort, damage or injury to any one or more individuals in the City * * *." The prosecution simply offered pictures of the O'Learys' property along with testimony of the city inspector's opinion regarding the "nuisance" created by the "vehicles, the trailers, the race car and the tires" on the property. According to the inspector, the vehicles were "infringing on a residential neighborhood. The character." There was nothing in evidence, however, to show that the neighborhood property had decreased in value or had otherwise been harmed.
 {¶ 12} Additionally, the trial court based the O'Learys' conviction on findings not supported by the record. It stated in the judgment entry: "Although the defendant was able to produce documentation wherein the state of Ohio considered the vehicles as non-commercial, the vehicles are used for commercial purposes. It is the finding of the court that the vehicle, tires, and other items maintained on defendant's property at 4939 Larkhaven created a public nuisance in violation of the Toledo Municipal Code." The city's nuisance law, however, does not prohibit a "commercial vehicle" interfering with the residential character of the neighborhood. At most, zoning violations were at issue, and those matters were dismissed.
 {¶ 13} Based upon the record, we find that the prosecution failed to meet its burden of proof. As such, the O'Learys' convictions were not supported by sufficient evidence, let alone the manifest weight of the evidence. Therefore, the assignments of error are found well-taken. The judgment of the Toledo Municipal Court is reversed as to both appellants and is remanded for further proceedings consistent with this decision. Appellee is to pay the court costs of this appeal.
Judgment Reversed.
Pietrykowski, J., Lanzinger, J., Singer, J. Concur.