[Cite as *Parma v. Bambeck*, 2012-Ohio-171.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96533

---

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## WILLIAM E. BAMBECK

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Parma Municipal Court
Case No. 10 CRB 03609

**BEFORE:** Stewart, P.J., Celebrezze, J., and Keough, J.

RELEASED AND JOURNALIZED:   January 19, 2012

ATTORNEY FOR APPELLANT

William S. Derkin
5702 Theota Avenue
Parma, OH    44129


ATTORNEYS FOR APPELLEE

Timothy G. Dobeck
Law Director/Chief Prosecutor
City of Parma
6611 Ridge Road
Parma, OH    44129

Barbara A. Tamas
Assistant Law Director
City of Parma
Parma Justice Center
5555 Powers Boulevard
Parma, OH    44129
MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, William E. Bambeck, appeals from his convictions for failure to maintain the driveway and exterior siding of his house in violation of plaintiff-appellee city of Parma's codified ordinances. He complains that (1) the city does not have the statutory authority to require him to replace, as opposed to repair, sections of his driveway, (2) the evidence demonstrates that he did not violate the ordinance concerning scraping and painting his house, (3) the ordinances that he was convicted of conflict with

the Residential Code of Ohio, and (4) his right to a speedy trial was violated. For the reasons that follow, we affirm.

{¶ 2} In September 2008, property maintenance inspector, Robert Louden, of the city of Parma Building Department inspected a dwelling located at 5711 Bradley Avenue, and observed property maintenance violations on the exterior siding of the house as well as deteriorated sections of the driveway. Louden sent a letter, along with a checklist outlining the property violations, to Bambeck. The letter also requested Bambeck to contact the building department, but he did not do so.

{¶ 3} The record reflects that Louden ticketed Bambeck for the violations in April 2009, and in response, Bambeck sent a letter to Parma's building commissioner requesting more time.[1] On August 13, 2010, Louden issued Bambeck two additional tickets entitled complaint and summons alleging that he was in violation of Parma Codified Ordinances, Sections 1707.25 for failure to maintain exterior of an occupied structure, and 1707.35 for failure to maintain driveway.

{¶ 4} On September 9, 2010, Bambeck entered a plea of not guilty to both charges and filed a jury demand two weeks later. On January 6, 2011,

---

[1]While Bambeck refers to this letter in his testimony at trial, the record does not contain a copy of the letter. Bambeck never specifically states what repairs would be completed if additional time would have been granted, but the totality of his testimony makes clear that he had no intention of cleaning and/or painting the exterior cedar siding. Instead, his objective was to cover the exterior

Bambeck was tried by jury and found guilty of both counts. He was sentenced to 90 days in jail and $1,000 fine for each count, with the jail time and fines deferred for determination at a probation review. Prior to the probation review, Bambeck filed a notice of appeal and then filed a motion for suspension of execution of sentence in the trial court, which was granted.

{¶ 5} In his first assignment of error, Bambeck argues that the charge of "failure to maintain driveway" cannot be sustained as a matter of law because the city does not have the statutory authority to require him to replace damaged driveway sections. He challenges the interpretation and enforcement of the ordinance by the building officials as being subjective and arbitrary, and argues that incorrect building requirements are being applied to his driveway.

{¶ 6} The interpretation of a building-code regulation is a question of law and is reviewable de novo. *Dawson v. Williamsburg of Cincinnati Mgt. Co.,* 1st Dist. No. C-981022, 2000 WL 125891, at 2 (Feb. 4, 2000). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. No. 22761, 2006-Ohio-649, 2006 WL 335646, ¶ 4.

{¶ 7} Courts, when interpreting an ordinance, "should give the words * * * the meaning commonly attributed to them unless a contrary intention

with vinyl siding.

appears in the regulation." *Taylor v. Circleville*, 4th Dist. No. 03CA8, 2003-Ohio-7166, 2003 WL 23094902, ¶ 12. "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.*, 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319 (1992). "To be enforceable, legislation need not be drafted with scientific precision [because] * * * most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out [requirements]." *State v. Anderson*, 57 Ohio St.3d 168, 174, 566 N.E.2d 1224 (1991), quoting *Boyce Motor Lines v. U.S.*, 342 U.S. 337, 340, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

{¶ 8} Bambeck contends that concrete replacement for defective surfaces applies exclusively to public sidewalks and driveway aprons, and not to driveways. In support, he points to the language of Parma City Ordinances Section 1707.35, which provides, in pertinent part, that "(d) [p]ublic sidewalks shall not be patched or resurfaced, but must be replaced with concrete * * * (e) [a]ll repairs or replacements of driveway aprons shall be of concrete." Bambeck then notes that a violation notice letter dated September 8, 2008, instructs him to "[r]eplace damaged driveway section(s)," and argues that since the language used is contrary to the ordinance, the charging document

is void and without effect. As a result, he requests that the charge pertaining to this ordinance be dismissed.

{¶ 9} Parma City Ordinances Section 1707.35(c) states that "[d]riveways and parking lots shall be maintained free of potholes and other surface irregularities and shall be maintained in accordance with the specifications prescribed in Chapters 1197 and 1512 of these Codified Ordinances." Section 1197.09 allows an owner to maintain a concrete surface "by repairing any disintegration of the [concrete] surface by patching or resealing." Additionally, Section 1512 contemplates concrete pours and replacement, since it contains specifications for the construction of new driveways. This section also refers readers to Section 1529.30, which specifies that "driveways shall have a smoothly graded, stabilized surface."

{¶ 10} Louden referred to several photographs of the property that were admitted into evidence during his testimony, and noted that while Bambeck had replaced the sidewalk and driveway apron with concrete, he had merely patched other areas that were cracked and uneven.

{¶ 11} Bambeck points out that at trial, Louden and city concrete and masonry inspector, David Blagg, both admitted that the language in the ordinance does not require concrete replacement for driveways. Nevertheless, both opined that patching concrete is not an acceptable method of repairing concrete in the city of Parma.

{¶ 12} While it is clear that the ordinances, when read in their entirety, give a property owner the option to repair a driveway as opposed to replacing sections, the ordinances also give local building officials the discretion to examine the repaired driveway to determine whether it conforms to the standards contained in the ordinance, in this instance, a "smoothly graded, and stabilized surface." Louden testified that the repairs to the driveway were unacceptable. Blagg stated that even after the patches were applied, the driveway was still "in pretty bad shape, it is cracked, it's falling * * * [and] there are irregularities."

{¶ 13} We find that the ordinances pertaining to driveway maintenance give the city the discretion to decide whether Bambeck's repairs to the driveway pass muster and constitute a smoothly graded and stabilized surface. In this instance, testimony and photographs reveal that the driveway in question is severely deteriorated and that the attempted repairs were inadequate. Bambeck's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Bambeck contends that the ordinance addressing the maintenance required for the exterior of structures was not violated because statutory intent in this instance implicates safety, decay, and deterioration, not aesthetics. He points out that his siding is cedar; more durable than any other type of siding. He argues that it never

needs painting, and since this is the case, the ordinance does not apply to cedar siding.

{¶ 15} The objective of a government's police power is to maintain the public health, safety, and general welfare, and in order for its exercise to be valid, the police power must bear a substantial relationship to that objective and must not be unreasonable or arbitrary. *Hudson v. Albrecht, Inc.*, 9 Ohio St.3d 69, 72, 458 N.E.2d 852 (1984), citing *Cincinnati v. Correll*, 141 Ohio St. 535, 49 N.E.2d 412 (1943), paragraph one of the syllabus. "[M]aintaining the aesthetics of the community is a legitimate government interest and constitutes a valid exercise of its police power." *Platt v. Cincinnati Bd. of Bldg. Appeals*, 1st Dist. No. C-100648, 2011-Ohio-2776, 2011 WL 2410056, ¶ 16; *see also Mayfield Hts. v. Cardarelli*, 63 Ohio App.3d 812, 816, 580 N.E.2d 45 (1989).

{¶ 16} Bambeck was cited pursuant to Parma City Ordinances Section 1707.25, which pertains to repairs and maintenance of the exteriors of structures, stating, in pertinent part, that "[a]ll exterior parts of every occupied structure * * * shall be maintained * * * so as to resist decay or deterioration from any cause * * *. [All] * * * exterior surface[s] [that are] deteriorated, decaying or disintegrating, or * * * have been impaired through peeling or flaking of the paint or other protective coating, shall be repaired or repainted or resurfaced." A notice violation letter dated September 8, 2008

instructed Bambeck to "[s]crape/paint all peeling wood surfaces * * * [and] [w]ash discolored/soiled siding."

{¶ 17} Bambeck testified that he applied for and received a permit to install vinyl siding on the home around October 2008. He started the job, but did not complete it due to his simultaneous attempts to accomplish other work on the property. Bambeck entered into evidence a sample of the cedar shingle that sheathed his property, along with an article discussing moisture control stating that cedar did not have to be painted or stained. He contends that the aroma of the cedar shingle and its unblemished backing demonstrate that the shingles have suffered no deterioration.

{¶ 18} Plans examiner Dan Kulchytsky testified that, while the installation of vinyl siding went beyond that which is necessary to comply with Parma's property maintenance code, a delay of over two years in completing the task was nevertheless unreasonable to remedy the siding's ongoing and blighted condition. Kulchytsky also testified that the cedar shingles on some portions of the home were deteriorating due to unprotected exposure to the weather. Photographs submitted into evidence by the city reveal peeling gray paint and/or sealant on numerous areas of the structure.

{¶ 19} In *Platt*, the property owner argued that citations he received concerning flaking paint were minor and "did not render the property unsafe, but merely affected its aesthetic value." *Platt*, ¶ 15. In this instance, the

court stated that a municipality "can order a property owner to fix minor problems that render the property unsafe, unclean, or unsanitary before those problems become severe." *Id.* at ¶ 17.

{¶ 20} In this instance, the language contained in Parma City Ordinances Section 1707.25 extends beyond disintegrating and deteriorated siding. References in the code section abound concerning painting and coating these types of exterior surfaces, presumably for the purpose of aesthetics and maintaining property values. While Bambeck has every right to put siding on his home to abate the city's complaint, the city can require that the abatement be done in a reasonable period of time. The jury obviously found that two years to complete the task was not reasonable. We see no error with this finding. Bambeck's second assignment of error is overruled.

{¶ 21} In his third assigned error, Bambeck argues that the ordinances under which he was prosecuted conflict with sections of the Ohio Administrative Code ("OAC") pertaining to residential building codes. He again asserts that aesthetic issues are not contemplated by the OAC or the city ordinances and that, to paint exterior siding while being simultaneously in the process of installing vinyl siding, is not financially feasable.

{¶ 22} Bambeck does not cite to any case law or other legal authority to support this argument. App.R. 16(A)(7) requires an appellant to support

each assignment of error with the reasons in support of the argument, including citations to legal authorities, statutes, or the record. App.R. 12(A)(2) provides that failure to comply with App.R. 16(A) allows this court to disregard this assignment of error. Nevertheless, we will address this alleged error because there is enough in the record to reach the conclusion that the argument does not have merit.

{¶ 23} "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa." *Middleburg Hts. v. Ohio Bd. of Bldg. Standards*, 65 Ohio St.3d 510, 512, 605 N.E.2d 66 (1992), citing *Struthers v. Sokol*, 108 Ohio St. 263, 140 N.E. 519 (1923), paragraph two of the syllabus.

{¶ 24} "The protection of real estate from impairment and destruction of value and the maintenance of the aesthetics of a community are legitimate governmental interests that may be preserved by the reasonable exercise of a municipality's police power where such actions bear a substantial relationship to the general welfare of the public." *Kettering v. Lamar Outdoor Advertising, Inc.*, 38 Ohio App.3d 16, 17, 525 N.E.2d 836 (2d Dist.1987).

{¶ 25} R.C. 3781.01 reveals that "[t]he state residential building code * * * does not prevent a local governing authority from adopting additional

regulations governing residential structures that do not conflict with the state residential building code * * *." *See also Dublin v. State,* 181 Ohio App.3d 384, 2009-Ohio-1102, 909 N.E.2d 152, ¶ 36 (10th Dist.) ("R.C. 3781.10(A)(2) * * * provides that municipalities are free to enact local ordinances that differ from the state residential building code so long as those provisions are not addressed by the state code").

{¶ 26} Clearly, the OAC does not prohibit local ordinances that regulate community aesthetics. Also, Bambeck's claim of economic unreasonableness is negated by his lengthy delay in remedying the deteriorating conditions to his home's exterior. Bambeck's third assignment of error is without merit and is overruled.

{¶ 27} Bambeck, in his fourth assignment of error, contends that his right to a speedy trial has been violated. He complains that the city commenced and then dismissed prosecution twice prior to the instant action and that the entire process has spanned a time period of more than six years.

{¶ 28} "[S]peedy trial provisions are not self-executing but must be asserted by a criminal defendant in a timely manner in order to avoid waiving such rights." *State v. Jordan*, 8th Dist Nos. 79469 and 79470, 2002-Ohio-590, 2002 WL 232879, citing *Partsch v. Haskins*, 175 Ohio St. 139, 191 N.E.2d 922 (1963). "[F]ailure to file a motion to dismiss on speedy trial

grounds prior to trial and pursuant to R.C. 2945.73(B) prevents [an appellant] from raising the issue on appeal." *State v. Taylor*, 98 Ohio St.3d 27, 30, 2002-Ohio-7017, 781 N.E.2d 72.

{¶ 29} The record indicates that Bambeck did not raise the issue of a speedy trial violation to the trial court. Therefore, he has waived appellate review of this assigned of error. It is, accordingly, overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any stay pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR